NORTH RAMPART LUMBER & SUPPLY CO. v. HUPPENBAUER ET AL.

(June 24, 1929.  Opinion and Decree.)

Eugene Thorpe, of New Orleans, attorney for plaintiff, appellant and appellee.

Paul L. Fourchy, of New Orleans, attorney for Pisciotta, defendant, appellees and appellants.

Martin E. Kranz, of New Orleans, attorney for Huppenbauer, defendant, appellees and appellants.

JANVIER, J. Defendant Huppenbauer was a contractor engaged in the construction of buildings. Defendant Pisciotta entered into a contract with Huppenbauer, for the construction by Huppenbauer of certain work. The contract was not in writing, was not recorded, and no bond was required.

The contractor had for some time made purchases of material from plaintiff. On March 30, 1926, he owed a balance of $603.34, and, at the request of plaintiff, executed notes for that amount. The notes were not paid at maturity, and this suit is the result.

So far as Huppenbauer is concerned, there is no defense, and the correctness of the judgment against him is conceded. Judgment is asked against Pisciotta, however, for $493.67, being the balance alleged to be due to plaintiff for material bought for and delivered to the work which was under construction for him.

Pisciotta contends that he has paid Huppenbauer in full. Conceding that he has done so, he is not relieved from liability to a materialman, who has not received his money, because, under the circumstances set forth. he (Pisciotta) stands in the shoes of the surety, and is liable to the same extent as the surety would have been. Act 139 of 1922.

The serious defense, however, is that the materialman (plaintiff here) has been paid an amount which, if imputed properly on its books, would have extinguished the debt for which defendant Pisciotta is here sued. This defense is based on the fact that, a short time prior to the execution of the notes sued on, the contractor, Huppenbauer, had been indebted to plaintiff in a sum approximating $1,900, and had, by a cash payment of $1,300, reduced the balance due to $603.34.

Defendant Pisciotta contends that the $1,300 payment should have been imputed to the oldest and most onerous accounts on plaintiff's books against Huppenbauer, and that, as the accounts resulting from the sales for the Pisciotta work were among the oldest and most onerous, such imputation would have extinguished them.

The legal contention above referred to is undoubtedly correct. Madison Lbr. Co. vs. Bachemin et al., 9 La. Ap. 382, 120 So. 508. Therefore, if the fact is that the Pisciotta accounts were older and more onerous than those to which the payment was imputed, defendant's contention must prevail.

The evidence on this question is not clear, but leaves us under the impression that there were sufficient other purchases made by Huppenbauer from plaintiff after the purchases for Pisciotta, to represent more than the amount of the notes herein sued on. If this is so, then it would appear reasonable to hold that the notes were given for those later purchases, and that the $1,300 payment should be imputed to and should extinguish the earlier accounts.

As we have heretofore stated, the evidence is not clear on this point, but we are fortified in our interpretation of it by the finding of the trial court, and also by the fact that the burden of proving the details of the account was on plaintiff. Plain-

tiff realizes that it has, to some extent, fallen short in its proof, but explains this by saying that payment had not been pleaded, and therefore it (plaintiff) was not prepared to offer evidence as to the details of the account.

We think that Pisciotta's answer was sufficient to put plaintiff on notice as to the defense that was to be urged, and that, under the circumstances, defendant should have offered the proof referred to. It follows that the ruling of the trial judge in admitting the evidence was correct. As we have stated, the judgment was rendered for plaintiff and against Huppenbauer for the amount of the notes, but plaintiff's suit as against Pisciotta was dismissed.

For the reasons given, it is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.