### BARNETTE et al. v. SHUTTLES.
### No. 5381.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Garland & Johnston, of Shreveport, for appellants.

Lunn & Trichel, of Shreveport, for appellee.

DREW, Judge.

Plaintiffs instituted this suit, praying that the court decree that defendant had neither furnished material nor performed labor in the construction of two houses that plaintiffs had erected, and therefore was not entitled to the lien he claimed and had recorded against said property.

The lower court rejected plaintiffs' demands, and they have appealed to this court.

The lower court, in a written opinion, has stated the issues and facts in so far as it goes. The opinion is as follows:

"On March 13, 1936, the defendant caused to be recorded in the mortgage records of Caddo Parish an affidavit in which he claimed that all petitioners were indebted unto him in the sum of $1,120.00 for plans furnished by him for two residences, for services furnished by him in the construction of same, and for material furnished by him. This affidavit contained no itemized statement. The affiant claimed a lien on the property.

"The present suit is brought by the owners of the two residences and the contractor to force the cancellation from the mortgage records of the alleged lien.

"Without at this time stating the grounds on which the suit is brought, it may be said that defendants reconvened to enforce the payment of the lien, and some other matters. On the trial of the suit plaintiffs objected to any evidence on the reconventional demand, which was sustained in part and overruled in part, and evidence was heard not only on plaintiffs' demand, but that part of the reconventional demand which was not stricken out. Since that time the defendant has taken a voluntary non-suit on the entire reconventional demand, so we are only concerned now with the demand of plaintiffs, met with a denial

by defendant, and the evidence admissible on the main demand. We now quote the essential allegations of the petition:

"'Article 5.

"'Petitioners show that the affidavit so recorded by George E. Shuttles granted him no lien or privilege on the above described properties for the reason that the claim of said George E. Shuttles was not itemized in said affidavit in the manner required by law.

"'Article 6.

"'In the alternative, and only in the event the court should hold that such affidavit is sufficient in form to confer a lien and privilege, then in such event petitioners allege that George E. Shuttles prepared and furnished no plans for the construction of said residences, but bought plans for petitioners for which he was duly paid the sum of One Hundred and no/100 ($100.00) Dollars; that he performed no service for the construction of such residences; and that he furnished no materials in connection with such construction.

"'Article 7.

"'Petitioners allege that none of them are indebted to said George E. Shuttles in any sum of money for any purpose whatsoever.'

"Plaintiffs claim that Act 298 of 1926 (the lien law) makes it necessary that an itemized statement be recorded, but counsel does not point out any such provision in the law, and we are unable to find any, so this part of the suit must be rejected without any further discussion.

"As to the plans mentioned in Article 6, the evidence is plain that defendant purchased copies of plans in Dallas and two sets were used in the construction of the two residences; the evidence is also plain that defendant has been paid for same. And, incidentally, this is the only item that plaintiffs admit defendant furnished, and is the sole and only claim of payment.

"With the exception of the plans, mentioned above, plaintiffs allege that defendant performed no services and furnished no materials for said two residences, and while in Article 7 plaintiffs do allege that they are not indebted to defendant in any sum of money for any purpose whatsoever, this cannot be a material allegation in the present suit, for it can only refer to other matters, as plaintiffs had already alleged that defendant performed no services and furnished no material.

"We therefore think that the only question left in the present case is whether plaintiffs have proved that defendant performed no services and furnished no materials.

"One of the plaintiffs, Mr. Maddox, the contractor, on the two jobs, testified flatly that defendant performed no services and furnished no materials. Mr. Shuttles testified just as positively that he did perform services and furnished a minor number of articles which went into the houses.

"As to the materials, defendant's testimony stands alone, and is contradicted not only by that of the contractor but others, and if the case rested on this score alone, plaintiffs would have to prevail.

"Act No. 298 of 1926 reads, in part:

"'That every contractor, sub-contractor, architect, engineer, master-mechanic, mechanic, cartman, truckman, workman, laborer, or furnisher of material * * * who performs work or furnishes material for the erection, construction, repair or improvement of immovable property, with the consent of or at the request of the owner thereof, or his authorized agent, or representative, or of any person with whom the owner has contracted for such work, shall have a lien.' Section 1.

"In so far as the present case is concerned, it is of no moment whether defendant was working without pay or whether he has been paid if he was working for pay, for plaintiffs bring the suit on the theory and the specific allegation that defendant performed no services, and does not bring it on the theory or allegation that he was working gratis, or that he has been paid.

"As we see the case, the sole question left is whether or not defendant performed any services in connection with the construction of said two houses. If he did not, plaintiffs are entitled to the relief sought; if he did perform such services, it makes no difference what such services are worth, whether he has been paid for same, or whether he was working without pay.

"Mr. White, the owner of one of the houses, and a plaintiff in the present suit, testified that he saw Mr. Shuttles on the job several times; that he was reading the blue prints or something of that nature; that he was dressed in cover-alls; and that he had some discussion with him with regard to the electrical work.

"Mr. Britton, a bricklayer, employed by Mr. Maddox, testified that he talked to defendant about making a bid on the job, and that Mr. Maddox instructed him to see Mr. Shuttles and go to work.

"Mr. Anderson, who sold supplies for the job, testified in regard to conferences he had with both Mr. Shuttles and Mr. Maddox concerning the original estimate for supplies.

"Mr. McConnel testified with regard to a conference he had with Mr. Maddox and Mr. Shuttles, jointly, in regard to a loan on the property.

"Mr. Trickett testified that he went out to the job at times and that he saw Mr. Shuttles there; but did not know what he was doing.

"Mr. Harvill, the foreman on the jobs, testified that defendant was on the job, three or four different days, but was not working, and only standing around.

"We think that a fair reading of the testimony, taken as a whole, shows that in the early part of the work defendant did perform services in connection with the two jobs, and that plaintiffs have no right in the present suit to recover the funds asked for. In holding this, it is not our intention to cut plaintiffs off from bringing another suit. In other words, neither side to this suit is to be cut off in any way from enforcing whatever rights they may have in a proper suit.

"For the foregoing reason the demands of plaintiffs are rejected.

"T. F. Bell
"District Judge."

We find no fault with the opinion in so far as it holds that defendant did not furnish any material to be used or that was used in the construction of the houses, and that the sole question left for determination is whether or not defendant performed any labor in connection with the construction of the houses. In this last finding, however, we are of the opinion the lower court did not go far enough, and we are unable to subscribe to the views expressed in the opinion wherein the court said: " * * * if he did perform such services it makes no difference what such services are worth, whether he has been paid for same, or whether he was working without pay." It is clear to us that the lower court, due no doubt to the imperfect pleadings, fell into this error in holding

that plaintiff had the burden of proving with a preponderance of the evidence that no labor of any kind was performed by defendant and that there was no burden on defendant to prove the amount of his claim for labor or services rendered.

Our opinion is that the filing of a lien such as that filed and recorded by defendant does not, of itself, make full proof of its correctness, and, when it is attacked, as in this case, by the owner or contractor, that the burden of establishing the correctness of the claim and lien is upon the lien claimant. The reason for such a rule is forcibly brought to our attention by this case. Defendant filed a lien against plaintiffs' property in the sum of $1,120. The lien is not itemized and sets out it is for material furnished and services rendered by him in the construction of the two houses owned by plaintiffs. The court has correctly held that defendant furnished no materials, and it also held that he did furnish some services; however, no amount as to the stipulated price he was to receive for said services or the value of said services is proved; nor is there any attempt to prove it. The record fails to disclose what part of the $1,120 claimed by defendant was for materials furnished and what part for services rendered. The result is the court is unable to say what amount of said lien claim is due and can be sustained as a lien against said property. We are convinced that the defendant did not offer proof along this line, due to the ruling of the court on the admissibility of testimony and the views expressed by the court in regard to the necessity of such proof. Plaintiffs probably did not go further into the question for the same reason. It is incumbent upon defendant to show the amount claimed by him for services rendered in the construction of the houses, and to prove said amount.

Without passing upon the question of whether or not defendant performed any services or labor in the construction of the houses owned by plaintiffs, we are of the opinion that justice will be done by remanding the case for further testimony on this part of defendant's lien claim.

It therefore follows that the judgment of the lower court, in so far as it rejects the demands of defendant for material furnished, is affirmed; and in all other respects it is reversed, and the case is remanded to the lower court to be heard as to the claim for labor and services render-

ed by defendant, and to be determined in accordance with the views expressed herein; costs of appeal to be paid by appellee, and all other costs to await the final determination of the case.