This suit involves the claim of three laborers who worked on a job in constructing a dwelling house for the defendant, Dr. A.D. Williams, in the town of Kentwood. The plaintiff sues in his own name and on his own behalf and as the assignee of the claims of two of his fellow workmen, asking for a judgment for the full amount of the demand made, with recognition of a lien and privilege on the building and the lot of ground on which it is situated.
The building contract was never recorded nor was the contractor's bond filed and recorded as required by Act 298 of 1926 and its amending Act No. 323 of 1938. The plaintiff therefore is suing the owner directly. The affidavits were apparently filed in due time in order to protect the claims and liens sued upon and we find no issue of law involved in the case.
The defense is a denial of the claims and of the liens and there seems to be a special defense that the plaintiff himself was a co-contractor who was paid the amount due under the contract in full.
After trial the district judge dismissed the plaintiff's suit whereupon this appeal was taken. There were no reasons assigned for judgment and we do not know therefore whether the district judge was dissatisfied with the proof made by the plaintiff or whether he sustained the defense made in defendant's answer. We are not impressed with this special defense as the proof on it is vague and by no means certain.
After carefully reading the record, we have concluded that plaintiff has failed to sustain the burden of proof which the law imposed upon him, with the legal certainty required, and for that reason concur in the judgment rendered below.
The mere filing of a lien such as we have under consideration, does not make full proof of its correctness and when it is attacked by the owner, as in this case, the burden of establishing its correctness is upon the lien claimant. See Barnett v. Shuttles, La.App., 172 So. 210.
We do not find the liens that were said to have been filed, in the record. We note from the transcript that the originals of these liens were offered in evidence by the plaintiff with the right to substitute certified copies but neither the originals nor any such copies are included in the record. Ordinarily we would remand the case for the purpose of having these offerings produced but do not think the remand is necessary in this instance for the reason that in plaintiff's original brief, it is stated that Elmer Griffith, the plaintiff, filed a lien for $169, that Arthur Traylor, one of his assignors, filed a lien for $106 and Charles Traylor, the other assignor, filed one for $108 for labor performed upon the property of the defendant. This does not seem to be disputed by the defendant or his counsel. We can accept the situation as such and thus it must appear that the total amount claimed in the affidavits that were filed is the sum of $383.
In the petition, it is recited that the balance due Griffith for the work he performed is $167, that due Arthur Traylor, $100 and the balance due Charles Traylor is $102. These three amounts total $369.
In reading the testimony, which is not very clear, nor definite, we understand Griffith to state that he worked 554 hours at 50¢ an hour and was paid on account the sum of $91. That would leave a balance due him of $186. Charles Traylor testified that the balance due him is $102 and Arthur Traylor says that he thinks that the balance due him is $104. Under the evidence, therefore, we find an aggregate claim on a balance amounting to $392.
We have thus three separate instances in which there are three separate and distinct balances claimed to be due by *Page 279 
each laborer and because of these discrepancies and also because of the general vagueness of the testimony of all the witnesses on their behalf, we naturally are led to the conclusion that the plaintiff has failed to prove his case against this defendant, particularly in an action where he is asking for the enforcement of such a special privilege as a lien. It is hardly necessary for us to cite law to the effect that a lien such as the one claimed is in derogation of a common right and that it is always stricti juris. Applying the law therefore that it must be strictly construed and enforced, we are forced to affirm the judgment appealed from.