McINNIS, Judge ad hoc.
This appeal is from a judgment of the District Court denying the demands of the plaintiff in a proceeding by rule against Carl L. Darby and D. B. Webster, Clerk of Court, to cancel a material lien filed by Darby against property belonging to plaintiff described as Lots 8, 9 and 10 of the Walker Place Subdivision, Shreveport, Caddo Parish, Louisiana. The Clerk of Court is only a nominal defendant and has no interest in the outcome of the suit. Plaintiff alleged that he was in no way indebted to Darby and he prayed for a rule against Darby and the Clerk to show cause why the lien recorded in Book 386, page 768 of the Mortgage Records of Caddo Parish, Louisiana, should not be cancelled.
For answer to the rule, Darby stated that he sold and delivered to one W. I. Moore the paint, etc., the price of which comprises the lien; that Moore was engaged in the work of construction upon the property of plaintiff; that on each occasion when Moore purchased the items, he advised respondent that the material was to be used *888 in the construction of buildings on the property of plaintiff, and prayed that the demands of the plaintiff be rejected at his cost.
On trial of the rule, after hearing the evidence, the District Judge for reasons assigned in writing, rejected the demands of the plaintiff at his cost, and from this judgment plaintiff has appealed.
On the trial of the rule, it was shown that plaintiff, owner of the lots, entered into an agreement with a man named J. M. Brumbelow to erect five houses on these lots and when completed the property would be sold. After paying the cost of the houses, the profits, if any, were to be divided equally between plaintiff and his partner. W. I. Moore was employed to paint all of the houses and to furnish the paint at a contract price of $495.00 each for the two bedroom homes and $555.00 each for the three bedroom homes. Two of the houses were completed about November 15, 1950, and afterwards the last three were begun and completed. Moore purchased paint from Darby for the purpose of doing this work. Mr. Brumbelow testified that he made the contract with Moore, who was to furnish the materials and labor for the prices above set out, and that he had seen him get paint at Darby’s store and as far as he knew, he got all of the paint there.
W. I. Moore, who had the contract for the painting and who bought the paint, testified that he painted all five of the houses and that he still owed Mr. Darby for paint used on these houses, but he could not testify as to the exact amount he owed, but said he might owe him the amount of the lien.
Mr. Adams, the plaintiff in rule, stated that Mr. Darby called him and asked if he had paid Moore for painting the houses, and he answered that he' had, all but a small sum, and that Mr. Darby told him at that time that Moore owed $221.00 and some odd cents and that he answered Darby that it was his (Adams) mistake and he guessed he was responsible for it, but that when the bill was brought to his office it was for $366.00 instead of $221.00, and of course this further dissatisfied Mr. Adams. He did not pay the bill, and in order to protect himself, Darby filed his lien.
Plaintiff, having failed to enter into a written contract and agreement and require bond of the contractor, is personally liable for material that entered into the construction of these houses. See Act No. 298 of 1926, as amended, LSA-R.S. 9:4812.
 Having alleged that he is in no way indebted to the defendant in rule, Carl L. Darby, it was incumbent on plaintiff to prove that allegation by a clear preponderance of the evidence, and this he failed to do as the record well discloses. It may be true that he does not owe the entire amount for which the lien was filed, but he has not shown that he does not owe any amount.
Plaintiff has cited a number of cases including North Rampart Lumber & Supply Company v. Huppenbauer, 11 La.App. 371, 123 So. 368 and Texas Lumber Company, Inc., v. E. D. Green Realty Company, Inc., 19 La.App. 585, 140 So. 828, neither of which have any application to the facts in this case. Also cited is Barnette v. Shuttles, La.App., 172 So. 210, which was an ordinary suit to fix the amount due on a lien that Shuttles had filed, and apparently has no application to this case. The case of Griffith v. Williams, La.App., 19 So.2d 277, was a suit by the plaintiff to enforce a lien and has no application here. The case of A. N. Goldberg, Inc., v. Poynter, La.App., 157 So. 272, was a suit somewhat similar to the one here in that the plaintiff contended that it owed the defendant nothing and ruled him to show cause why the lien should not be cancelled. In this case, the case of Williams & Gray v. Stewart, La.App., 147 So. 103, is cited and discussed because in the Williams & Gray case, a summary proceeding originally, a defendant was allowed to reconvene because the plaintiff had asked for a continuance of the rule and the court held that this had changed the action from a summary one to an ordinary one and allowed the reconven-tional demand, but in the Goldberg case, the reconventional demand was not allowed.
Inasmuch as reconventional demands are not allowed in summary mat *889 ters, the defendant in this case could not have made any reconventional demand to have the amount of his lien fixed, but will have to do that in another proceeding.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the plaintiff-appellant in both courts.
KENNON, J., not participating.