Commonwealth to use of Fort Pitt Bridge Works *v.* Continental Casualty Company, Appellant.

Argued March 12, 1968. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jack W. Plowman,* with him *Plowman and Spiegel,* for appellant.

*William T. Marsh,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 16, 1968:

Fort Pitt Bridge Works, hereinafter referred to as Fort Pitt, sold and delivered to A. J. Marsolino 2,217,-087 pounds of structural steel at 17.275 cents per pound, to be used by him in the erection of a bridge on State legislative route 798, section 3.

Marsolino had executed a labor and material bond in favor of the Commonwealth in order to secure the payment of the materials furnished in the prosecution of this state work, such bond being required by the Act of June 1, 1945, P. L. 1242, as amended, 36 P.S. §670-404. The defendant, Continental Casualty Co., was surety on the bond.

Marsolino in his agreement with Fort Pitt promised to pay for the steel within ten days after receipt by him of payments from the State Highway Department on estimates submitted by him. He did not do so. The steel was delivered between December 13, 1961, and September 18, 1962 and Marsolino had made payments totalling $319,701.60 from January, 1962 through November, 1963, leaving thus a balance then due of $63,-300.18.

On June 9, 1964 Fort Pitt notified the surety, Continental Casualty Company, that Marsolino had defaulted in payment and Fort Pitt then made demand on the surety of the amount due from Marsolino, including interest. When the surety refused the demand, Fort Pitt entered suit in the name of the Commonwealth for the use of Fort Pitt.

At the trial a question arose as to the amount of credit due Marsolino for certain equipment and materials furnished by him to Fort Pitt, but this issue was resolved by stipulation agreeing the credit to be $3,021.79. The remaining principal issue was whether Fort Pitt Bridge could collect from the surety, Continental Casualty Co., the amount of interest which

had accrued prior to the notice to the surety of any default by Marsolino. The surety contended that its bond was to cover only the amount due for the materials furnished by Marsolino and that, so far as the surety was concerned, it could only be held liable for interest from the date demand was made against it for payment, which was June 9, 1964. In that case the interest would have amounted to $10,674.66. The court below, however, held that the surety was liable for the entire amount due from Marsolino, including the interest from 1963, thus making the total interest due $21,472.53. Continental Casualty Co. appealed.

Though at first blush it might seem inequitable and harsh to compel the surety to pay for interest which had accrued prior to receiving notice that the principal, Marsolino, had defaulted in his payments, yet such was the obligation the surety had contracted to assume. The bond given by the surety provides: "The principal and surety hereby jointly and severally agree with the obligee herein that every person, copartnership, association or corporation, who, whether as subcontractor or otherwise, has furnished material or supplied or performed labor or rental equipment in the prosecution of the work as above provided and any public utility who has rendered services in, or in connection with, the prosecution of such work, and who has not been paid in full therefor, *may sue in assumpsit* on this Additional Bond in the name of the Commonwealth for his, their, or its use, prosecute the same to final judgment, *for such sum or sums as may be justly due him, them or it,* and have execution thereon. . .".

The "sum justly due" Fort Pitt by Marsolino was $63,300.18 plus interest. Therefore the surety was liable for the full amount owing by Marsolino including interest. The interest was an integral part of Marso-

lino's debt for the material furnished, which material was unquestionably covered by the bond.

There is no reason to distinguish this case from that of *Commonwealth v. Great American Indemnity Co.*, 312 Pa. 183, where we held that up to the limit of the penal bond the surety must do what the defaulting principal had agreed to do, i.e., make good the principal's default. The bond in that case was not, as contended by appellant surety, broader in language than the one here involved. Our decision in the *Commonwealth* case did not lay down any novel or unique proposition of law, as we had previously made clear in *Erie Trust Co. Bank v. Employers' Liability Assurance Corp.*, 322 Pa. 132, that a surety is liable for interest from the time of the principal's defalcation.

The fact that the bond does not specifically refer to interest is not controlling; what *is* controlling is that the surety has expressly agreed to make good the "sum justly due" by the defaulting principal.

If the surety had wished to curtail the amount of interest which would accrue without the surety's knowledge, the surety could easily have inserted the requirement of notice of the principal's default bond. As stated in the Restatement, Security, §136, "Subject to the rules pertaining to negotiable instruments, the surety's obligation to the creditor is not affected by the creditor's failure to notify him of the principal's default unless such notification is required by the terms of the surety's contract."

The comment to that section states: "a. Rationale. The rule stated in this Section is an application of the usual rule of contracts that an obligor is not discharged because he is not notified that the time for his performance is due, unless he has stipulated for notification. The surety, when he undertakes his obligation, must realize that there is a risk that the prin-

cipal will not perform. If the surety wishes notification, he can insert a requirement for it in his contract. If he does not stipulate for notification, the surety has the burden of ascertaining when, if ever, his performance is due, and of taking whatever steps seem appropriate to him for his own protection."

The illustrations relied upon by appellant surety, to wit: Restatement, Contracts, §264, Illustration 2, and §337, comment b, and 3A Corbin on Contracts, §643, are not applicable here since they refer to cases where the surety had undertaken to pay "upon demand".

In this case, however, no demand was required to be made of the surety by the creditor. We therefore conclude that the court below properly found that the surety was liable for the full amount due and owing by Marsolino, including the interest accruing prior to notice to surety, of Marsolino's default.

Judgment affirmed.

Mr. Justice JONES and Mr. Justice COHEN concur in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.