PER CURIAM.
Home Owners Insurance Company, defendant in the trial court, appeals from a final judgment for the plaintiff, Charles Sales Corp. of Orlando, entered upon a surety bond given by appellant to guarantee payment for materials furnished to its principal for use by the principal in the construction of a building.
Appellant does not deny that appellee furnished the materials. But appellant urges that it was entitled to a judgment at the conclusion of the non-jury trial because of uncontradicted evidence that ap-pellee accepted from the principal a 60-day note as payment for the materials. The note was discounted at a bank upon the en *38 dorsement of appellee. The note was not paid on the due date because the principal had become insolvent. Appellee was forced to repay the amount it received for the note. Thereafter the instant action was instituted upon the bond.
Appellant urges that the evidence clearly shows the note was accepted as payment because a two per cent discount for cash was given to the principal. Appellant further urges that evidence shows it was prejudiced by appellee’s acceptance of the note because the principal had been solvent when appellee accepted the note. See Sterns on Suretyship, § 6.16 (5th ed. 1951).
Appellee urges that appellant’s interpretation of the evidence is entirely improper and that the trial judge correctly found that appellee accepted the 60-day note as part of a regular credit arrangement between appellee and the principal on bond. Appellee further urges that the record supports a finding by the trier of fact that this credit arrangement was known, or in the exercise of ordinary diligence should have been known, by appellant.
 The record contains sufficient evidence to support findings that (1) ap-pellee’s acceptance of the note was part of a regular credit arrangement between ap-pellee and the principal; (2) appellant in the exercise of reasonable diligence should have known of that credit arrangement. We therefore hold that the trial court correctly decided that under the surety bond issued by appellant appellee was entitled to recover for materials furnished by appellee to the principal. See Third Nat. Bank of Miami v. Detroit Fidelity & Surety Co., 65 F.2d 548 (5th cir. 1932), cert. denied, 290 U.S. 667, 54 S.Ct. 88, 78 L.Ed. 577 (1933); Sterns on Suretyship, § 7.15, page 218 (5th ed. 1951).
Appellant presents an additional point urging that the trial court erred in assessing interest upon the account from the date the account became delinquent. Appellant urges that interest should run from the date of a demand upon it as surety for payment. The obligation of appellant under the bond is “to pay for * * * materials furnished in prosecution of the work * * Thus the liability of appellant became fixed at the time of the default in payment. No error has been demonstrated.
Affirmed.