TRIPLE I SUPPLY, INC., a Utah corpo-
ration, Plaintiff and Respondent,

v.

SUNSET RAIL, INC., Defendant
and Appellant.

No. 17774.

Supreme Court of Utah.

July 28, 1982.

Edwin B. Gibbs, Lehi, for defendant and appellant.

James H. Faust, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant Sunset Rail, Inc. (owner), appeals a judgment in favor of plaintiff Triple I Supply, Inc. (materialman), for the cost of insulation furnished at a construction site. Defendant had already paid those costs to the contractor, Bell Construction Company, but nevertheless was held liable to plaintiff therefor by reason of its failure to furnish a bond to protect materialmen.[1]

Plaintiff, a supplier of building insulation, had an open account with Bell Construction Company. On February 6, 1980, Bell placed a work order with plaintiff for insulation material to be used on a building being constructed for defendant. Plaintiff calculated that 31 rolls of insulation would be required and delivered the materials to the job site, for which he submitted an invoice in the amount of $2,017.91, allowing for a two percent discount if paid by the tenth day of the following month. The materials were thereupon incorporated into the building.

Defendant made periodic payments to Bell to cover the costs of construction. On March 10, 1980, just one week after receiving payment in full from defendant, Bell defaulted on its obligation owing to plaintiff for the subject insulation materials. Plaintiff then saw fit to extend the time for payment, but none was made and Bell ultimately declared bankruptcy.

Plaintiff brought this action and thereafter served upon defendant Interrogatories and Request for Admissions. Although plaintiff received a purported copy of defendant's responses thereto, defendant apparently did not file the original thereof with the court since it was not contained in the court file.

Defendant's first contention on appeal is that plaintiff did not meet its burden of proof due to its failure to enter into evidence defendant's written admissions. This contention is without merit for several reasons.

At the outset of trial, the judge inquired whether any of the issues necessary to support a cause of action under the bonding statute[2] remained unresolved. Plaintiff responded, without objection by defendant, by reading into the record from its copy of defendant's responses to the Request for Admissions wherein defendant admitted the existence of the essential elements of a cause of action under the bonding statute.[3]

It is understandable why defendant did not object to the foregoing procedure whereby its admissions were made of record. This is so in light of the provisions of Rules 5(d) and 36(a), Utah Rules of Civil Procedure. The latter Rule provides that each matter of which an admission is requested is deemed admitted unless timely answered or objected to, and the former Rule requires all papers required to be served on a party to also be filed with the court. Inasmuch as defendant had failed to comply with said Rules, it lay within the province of the trial court either to deem the Request for Admissions as being admitted or, in the absence of a challenge to their authenticity, to accept plaintiff's copy of defendant's written admissions as compli-

1. As provided for by U.C.A., 1953, 14–2–1 et seq.

2. Id.

3. Id. The parties were in agreement that the following elements must be proven for a materialman to collect under the bonding statute:
   (1) That the owner is the owner of an interest in the land whereon the improvements were made;
   (2) Where the owner entered into a contract involving more than $2,000.00;
   (3) For the construction of, addition to or alteration or repair of any building or structure upon said land;
   (4) That the owner failed to obtain a bond or to exhibit the same as required by the statute.

ance with the foregoing Rules. The court followed the latter procedure, and permitted plaintiff to recite defendant's admissions into the record. We find no error in that procedure.

It also appears that independent of defendant's admissions there is other competent evidence in support of a cause of action under the bonding statute. Plaintiff's complaint alleges the four elements that constitute a cause of action under the bonding statute. Defendant's answer filed in response thereto contains admissions as to the first three elements of a cause of action under the statute, but does not include an admission or a denial as to the fourth necessary element, that of failure to obtain a bond. The first three elements required by the statute are thus sufficiently established by virtue of the answer.

Rule 8(c), Utah Rules of Civil Procedure, requires affirmative defenses to be pleaded. Inasmuch as the existence of a bond would have constituted an avoidance, it was incumbent upon the defendant to allege and prove compliance with the bonding statute. This it failed to do, notwithstanding the fact that ample opportunity was afforded.

Defendant cites the case of *Massey v. Haupt*[4] as supportive of its contention. That case adopts a rule already well established in other jurisdictions[5] that requests for admissions are not self-executing and that they must be offered in evidence at trial by the party intending to rely upon them. In light of what has heretofore been said, the rule as laid down in *Massey* has no application to the peculiar facts and circumstances of this case.

■ Defendant's second contention on appeal is that the cost of 6 rolls of insulation which were allegedly returned to plaintiff should have been deducted from the judgment. The fact that 31 rolls of insulation had been delivered to the job site, in accordance with plaintiff's calculations of the project, was undisputed. However, defendant's testimony that 6 of those rolls had not been used and had, in fact, been collected by plaintiff was disputed.

Defendant attempted to prove this allegation by offering testimony that the square footage of the building was less than what plaintiff had calculated, thus requiring less than the 31 rolls of insulation. Testimony was also given, although somewhat indefinite, that plaintiff was seen collecting the 6 unused rolls. Plaintiff responded to these allegations by offering expert testimony as to the accuracy of its calculations, and by denying the accusations concerning the 6 returned rolls.

The court as the trier of fact chose to accept the computations and the expertise of plaintiff. By reason of defendant's admission that 31 rolls had been delivered to the job site and the indefiniteness of the testimony as to the removal of the 6 rolls, judgment was awarded pursuant to plaintiff's invoice. This conclusion was arrived at by weighing the credibility of the witnesses and evidence that was both admissible and substantial. Consistent with well-recognized rules of appellate review, we decline to substitute our judgment for that of the trial court on disputed factual matters.

Defendant's third contention on appeal is that the court erred in awarding prejudgment interest to plaintiff. Defendant contends that the imposition of prejudgment interest would make the penalty for noncompliance with the bonding statute unreasonably harsh. No statutory or case law is cited to support defendant's position. Plaintiff, on the other hand, argues that prejudgment interest is appropriate and that the interest should begin to accrue on the date the debt came due.

4. Utah, 632 P.2d 824 (1981).

5. See *Gilbert v. General Motors Corp.,* 133 F.2d 997 (2nd Cir.1943), *cert. denied,* 319 U.S. 743, 63 S.Ct. 1031, 87 L.Ed. 1700 (1943); *Avant Inc. v. Polaroid Corp.,* 441 F.Supp. 898 (D.Mass. 1977), *affirmed,* 572 F.2d 889 (1st Cir.1978), *cert. denied,* 439 U.S. 837, 99 S.Ct. 120, 58 L.Ed.2d 132 (1978); *National Bank of Georgia v. Hill,* 148 Ga.App. 688, 252 S.E.2d 192 (1979); *S. Kemble Fischer Realty Trust v. Board of Appeals of Concord,* 9 Mass.App. 477, 402 N.E.2d 100 (1980); 8 Wright and Miller, Federal Practice and Procedure, § 2264, p. 739 (1970).

■ The general rule for prejudgment interest in Utah is that an unpaid subcontractor (materialman) is entitled to interest from the contractor when the last materials have been furnished and the payment therefor is past due.[6] As owner, defendant occupies a different relationship to plaintiff than that of a contractor. The ultimate question, then, is whether the general prejudgment interest rule, designed for the materialman/contractor relationship, also applies to the materialman/owner relationship.

■ The bonding statute clearly imposes personal liability on the owner who fails to comply with its provisions.[7] It does not, however, release the contractor of his liability to the materialman. By not obtaining a bond, the owner steps into the shoes of a surety, thus guaranteeing the debt obligations of the contractor, rather than taking his place.[8] Accordingly, the rules regarding the surety/materialman relationship are more appropriately applied in the case at hand than the rules regarding the obligations of the contractor to a materialman.

It is the position of many state courts that interest must be paid by the surety from the date of the contractor's default.[9] The interest begins to accrue on that date regardless of whether the surety had any notice of the default. Certain of the federal courts, on the other hand, require "a demand for payment upon the surety in order to activate interest liability."[10]

It appears from the record that the trial court awarded prejudgment interest to plaintiff from the date of default as indicated on the invoice, and that defendant was not apprised of such default prior to service of the summons. Notwithstanding the federal position to the contrary, this decision might be upheld were it not for one

major impediment existing in the facts. Plaintiff admits that at the time the insulation debt came due, credit was being extended to the contractor for already-past-due debts. We may draw the conclusion from the record that this credit policy included the insulation debt and that plaintiff did not anticipate receiving any interest from the contractor on the overdue debts. By extending credit in this manner, plaintiff nullified the effect of the invoice due date. Default could not occur until the credit period terminated, which date was unspecified. In light of these circumstances, the rule requiring the demand date to be the date interest begins to accrue should be applied and the judgment should be modified to charge interest only from the date of the first notice to defendant, rather than from the due date indicated on the invoice. To allow the materialman to extend credit indefinitely to the contractor at the ever-increasing expense of the surety would be an obvious injustice.

Defendant's final argument on appeal is that plaintiff is estopped from asserting its claim under the bonding statute because of its failure to give timely notice of default to defendant and its extension of credit to Bell Construction after default.

The facts of this case do not lend themselves to the defense of estoppel. In the case of *Koch v. Penny*,[11] this Court made the following observation:

> [T]he test [for determining the existence of estoppel] is whether there is conduct by an act or omission by which one party knowingly leads another party, reasonably acting thereon, to take some course of action which will result in his detriment or damage if the first party is per-

---

**6.** See *Golden West Construction Co. v. United States*, 304 F.2d 753 (10th Cir.1962).

**7.** U.C.A., 1953, 14–2–2.

**8.** *North Rampart Lumber and Supply Co. v. Huppenbauer*, 11 La.App., 371, 123 So. 368 (1929).

**9.** *Homeowners Insurance Co. v. Charles Sales Corp. of Orlando*, Fla.Dist.Ct.App., 222 So.2d 37 (1969); *Faulkner Concrete Pipe Co. v. Unit-* ed States Fidelity and Guaranty Co., Miss., 218 So.2d 1 (1968); *Brandon v. Travitsky*, 86 Nev. 613, 472 P.2d 353 (1970); *Allsop Lumber Co. v. Continental Cas. Co.*, 73 N.M. 64, 385 P.2d 625 (1963).

**10.** *Golden West Construction Co. v. United States, supra*, n. 6 at 757.

**11.** Utah, 534 P.2d 903 (1965).

mitted to repudiate or deny his conduct or representation.

*Id.* at 905.

The doctrine of estoppel applies when one party knowingly induces another by some act or admission to take a detrimental course of action. Defendant acknowledges that there had been no contact or communication between itself and plaintiff. Without contact or communication of any kind, plaintiff could not have communicated or induced defendant into any type of detrimental conduct. The estoppel argument must therefore fail based on the particular facts of this case.

As to the effects of plaintiff's extension of credit to Bell Construction, the Court has already dealt with that issue in the preceding argument regarding prejudgment interest.

The case is remanded with instructions to adjust the amount awarded as prejudgment interest consistent with the content of this opinion. In all other respects, the judgment is affirmed. Costs to plaintiff.

STEWART, OAKS and DURHAM, JJ., concur.

HOWE, J., concurs in the result.