Rolando AVILA, Plaintiff
and Appellant,

v.

Robert T. WINN, M.D.; Holy Cross Family Health and Emergency Center; Holy Cross Hospital Park City Ambulance; Holy Cross Hospital; and David M. Howe, M.D., Defendants and Respondents.

No. 880482.

Supreme Court of Utah.

June 1, 1990.

Charles C. Brown, Jeffrey B. Brown, Budge W. Call, Salt Lake City, for Avila.

Rolando Avila, Park City, pro se.

William W. Barrett, James B. Hanks, Salt Lake City, for Dr. Howe.

David H. Epperson, Mark J. Williams, Salt Lake City, for Dr. Winn.

David W. Slagle, Elizabeth King Brennan, Salt Lake City, for Holy Cross.

HALL, Chief Justice:

Plaintiff presented this appeal pro se from an order granting defendants' second motion to dismiss with prejudice filed in the district court. The trial court granted the dismissal for plaintiff's failure to comply with Utah Code Ann. § 78–14–12 (Supp. 1986), in that plaintiff did not file his complaint within the time specified after the prelitigation panel review. We reverse.

## FACTS

On February 1, 1984, plaintiff Rolando Avila was a member of the Bolivian National Ski Team and was involved in a skiing accident in Park City, Utah, while training for the Winter Olympic Games. The accident caused the dislocation of Mr. Avila's right knee, and he was placed in the care of defendant Dr. Robert T. Winn, a pediatrician at the Holy Cross Clinic in Park City. Mr. Avila was subsequently transferred to Holy Cross Hospital in Salt Lake City, Utah, where he was examined by defendant Dr. David Howe and immediately taken to surgery.

Mr. Avila claims that Dr. Winn was negligent in his attempt to put the right knee "back into place" and that as a result of his negligence, Dr. Winn severed the right popliteal artery. Mr. Avila also alleges that the surgery to repair the damage was negligently performed by Dr. Howe and the

staff at Holy Cross Hospital ("Holy Cross").

On January 31, 1986, within two years [1] of the injury, which occurred on February 1, 1984, Mr. Avila filed a notice of intent to commence legal action pursuant to the Health Care Malpractice Act ("the Malpractice Act").[2] The timely filing of the notice extended by 120 days the time period for Mr. Avila to file his complaint.[3] On March 4, 1986, Mr. Avila filed a request for a prelitigation panel review within the 60–day time period required by statute.[4]

On May 23, 1986, Mr. Avila filed his complaint in the Third Judicial District Court of Summit County, Utah. On June 20, 1986, Dr. Howe filed an answer to Mr. Avila's complaint. Dr. Howe's answer did not contain any affirmative defense relating to the statute of limitation.

On June 30, 1986, all defendants entered an appearance by written stipulation extending the time for hearing by the prelitigation review panel for successive 30–day periods until such time as the department of business regulations [5] could schedule the hearing.[6] Because of scheduling problems, the Utah Department of Business Regulations ("DBR") did not hold a preligation panel review hearing until December 2, 1986.

In November 1987, defendants filed a motion to dismiss Mr. Avila's complaint for failure to comply with the two-year statute of limitation contained in the Malpractice Act.[7] Defendants' motion was heard on March 7, 1988, before Judge Pat Brian of the third district court, who recognized that

notwithstanding the provisions of section 78–14–12(1),[8] Mr. Avila had filed his complaint before the prelitigation panel review hearing was held. Judge Brian also observed that the December 2, 1986 prelitigation panel review was incomplete, and he therefore did not dismiss Mr. Avila's complaint but instead tolled the proceedings pending a complete prelitigation panel review.

On July 6, 1988, a second prelitigation panel review hearing was held, and an opinion was rendered on July 12, 1988. Mr. Avila's counsel withdrew from the case on August 24, 1988, leaving Mr. Avila without representation.

Defendants filed a second motion to dismiss on September 16, 1988, claiming as affirmative defenses Mr. Avila's failure to prosecute and failure to comply with the Malpractice Act by not filing a complaint within 60 days of the July 12, 1988 prelitigation panel review opinion.[9] A hearing was held on October 17, 1988, in the third district court before Judge Michael Murphy, who had since succeeded Judge Brian in the Summit County assignment. Judge Murphy granted defendants' motion based on the 60–day filing period. The order granting defendants' motion was entered on November 10, 1988.

The sole issue in this case is whether it was proper for the trial court to dismiss Mr. Avila's complaint for failure to file a second complaint or, alternatively, for filing the complaint before the conclusion of the prelitigation panel review.

1. Medical malpractice plaintiffs must commence legal action within two years of discovery of the injury pursuant to Utah Code Ann. § 78–14–4(1) (Supp.1986).

2. Specifically, Utah Code Ann. § 78–14–8 (Supp. 1986).

3. *Id.*

4. Utah Code Ann. § 78–14–12(2).

5. Presently known as the Utah Department of Commerce.

6. Section 78–14–13(3) states: "The Department of Business Regulation shall appoint a panel to consider the claim and set the matter for panel review *as soon as practicable* after receipt of a request." (Emphasis added.)

7. Utah Code Ann. §§ 78–14–4, 78–14–12.

8. Section 78–14–12(1) states: "The proceedings are informal and nonbinding, but are compulsory as a condition precedent to commencing litigation."

9. Utah Code Ann. § 78–14–12(3) states: "The filing of a request for prelitigation panel review under this section tolls the applicable statute of limitations until 60 days following the issuance of an opinion by the prelitigation panel."

## COMPLIANCE WITH THE UTAH HEALTH CARE MALPRACTICE ACT

■ An involuntary dismissal may be ordered upon at least four grounds: (1) failure of the plaintiff to prosecute; (2) failure of the plaintiff to comply with the Utah Rules of Civil Procedure; (3) failure of the plaintiff to comply with any order of the court; and (4) failure of the plaintiff to show, upon completion of the plaintiff's presentation of the evidence, that upon the facts and the law the plaintiff has a right to relief.[10] Questions of whether a party has failed to comply with the requirements of a statute and the rules of civil procedure sufficient to justify dismissal are questions of law, and on appeal, we accord no particular deference to the determinations of law made by the trial court but review them for correctness.[11]

■ Mr. Avila argues that he did not believe it was necessary to file a second complaint within the 60–day time limit after the second prelitigation panel review. We believe that Mr. Avila is correct for the following reasons.

Although Mr. Avila filed his complaint before the completion of the prelitigation panel review, Judge Brian did not see fit to dismiss the complaint in the first hearing on defendants' motion to dismiss. The hearing on defendants' first motion to dismiss took place after the first prelitigation panel review; however, because Judge Brian did not perceive that a complete prelitigation panel review had taken place, he merely ordered that the proceedings relative to defendants' motion to dismiss would be "tolled pending full prelitigation panel review."

The impetus for Judge Brian's order was that Mr. Avila's counsel appeared at the prelitigation panel review, but he presented neither evidence nor arguments on Mr. Avila's behalf.[12] The order tolling the proceedings on defendants' motion to dismiss pending a full prelitigation panel review hearing was apparently made in an effort to hold the complaint in abeyance so as to comply with the legislative intent behind the prelitigation panel review, namely, that both parties participate fully in advance of litigation.[13]

■ Inasmuch as defendants brought the initial motion to dismiss, it was incumbent upon them to seek and obtain a final ruling on their motion from Judge Brian. Having failed to do so, defendants should now be estopped from asserting Mr. Avila's failure to file a second complaint.

The elements of estoppel are as follows: (i) [A] statement, admission, act, or failure to act by one party inconsistent with a claim later asserted; (ii) reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act, or failure to act; and (iii) injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act.[14]

10. Utah R.Civ.P. 41(b).

11. *Division of Consumer Protection v. Rio Vista Oil, Ltd.,* 786 P.2d 1343, 1347 (Utah 1990).

12. We do not address the propriety of plaintiff's actions in declining to present evidence and testimony at the prelitigation panel review. There is a split among jurisdictions as to the acceptability of this practice. *See Phoenix Gen. Hosp. v. Superior Ct. of Maricopa County,* 138 Ariz. 504, 675 P.2d 1323 (1984) (where the Arizona Supreme Court held that plaintiffs can choose to present no evidence at a prelitigation panel review); *Fisher v. Herrera,* 367 So.2d 204 (Fla.1978) (plaintiffs are not required to present evidence at prelitigation panel review). *But see Bailey v. Woel,* 302 Md. 38, 485 A.2d 265 (1984) (the proper action for a circuit court to take when a plaintiff presents no evidence before a medical malpractice arbitration panel is to dismiss the claim).

13. We decline to rule on whether Judge Brian's attempt to put teeth into the Malpractice Act was proper, because the appropriateness of the order is not itself in issue.

14. *CECO v. Concrete Specialists, Inc.,* 772 P.2d 967, 969–70 (Utah 1989); *see also Blackhurst v. Transamerica Ins. Co.,* 699 P.2d 688, 691 (Utah 1985); *United American Life Ins. Co. v. Zions First Nat'l Bank,* 641 P.2d 158, 161 (Utah 1982); *Celebrity Club, Inc. v. Utah Liquor Control Comm'n,* 602 P.2d 689, 694 (Utah 1979); *J.P. Koch, Inc. v. J.C. Penney Co.,* 534 P.2d 903, 905 (Utah 1975).

The doctrine of estoppel has also been applied "when one party knowingly induces another by some act or admission to take a detrimental course of action." [15]

In this case, all of the elements of estoppel are evidenced by (1) defendants' inaction in seeking a final, substantive ruling from the court on their first motion to dismiss; (2) Mr. Avila's reasonable reliance upon such inaction, which left his complaint on file, undismissed; [16] and (3) injury occasioned by the subsequent dismissal of the complaint. We therefore hold that the dismissal of Mr. Avila's claim resulted from defendants' failure to act and that Mr. Avila's complaint should not be dismissed for reasonable reliance upon the fact that he had already filed a complaint that had not been dismissed.

In so holding, we do not condone the act of filing a complaint before the time specified in the Malpractice Act. The instant case is an exception necessitated by procedural errors and omissions.

Reversed and remanded for proceedings consistent with this decision.

STEWART, DURHAM and ZIMMERMAN, JJ., and NORMAN H. JACKSON, Court of Appeals Judge, concur.

HOWE, Associate C.J., does not participate herein.

JACKSON, Court of Appeals Judge, sat.

**15.** *Triple I Supply, Inc. v. Sunset Rail, Inc.,* 652 P.2d 1298, 1302 (Utah 1982).

**16.** In *Larson v. Wycoff Co.,* 624 P.2d 1151, 1155 (Utah 1981), we held that estoppel is based on an objective standard when we stated: "[A] determination of the issue of estoppel is not dependent on the subjective state of mind of the person claiming he was misled, but rather is to be based on an objective test, i.e., what should a reasonable person conclude under the circumstances." *See also Big Butte Ranch, Inc. v. Holm,* 570 P.2d 690 (Utah 1977); *Corporation Nine v. Taylor,* 30 Utah 2d 47, 513 P.2d 417 (1973).