PER CURIAM.
As far as the main appeal is concerned, the record contains substantial competent evidence to support the jury’s verdict. See Salazar v. Marrero, 670 So.2d 191 (Fla. 3d DCA 1996); Hollub v. Clancy, 648 So.2d 296 (Fla. 3d DCA 1995). Accordingly, the judgment based upon that verdict is affirmed.
In connection with the cross-appeal, we find that the appellee/cross-appellant, Florida Rock & Sand Company (hereinafter “Florida Rock”) is correct in contending that the court erred in its calculation of the interest that is owed to Florida Rock. Prejudgment interest begins to accrue from the time the principal defaults in its payment obligation to its material supplier. E.g., Home Owners Ins. Co. v. Charles Sales Corp., 222 So.2d 37 (Fla. 3d DCA 1969); see also Peter Marich & Assoc.s., Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978)(holding that plaintiff is due interest from the date the debt was due); Commonwealth ex. rel. Fort Pitt Bridge Works v. Continental Cas. Co., 429 Pa. 366, 240 A.2d 493 (1968). In the instant case, the trial court erred in determining that prejudgment interest would only begin to accrue ninety days after the last payment due date for the materials supplied by Florida Rock.[1] Since there were three separate payment due dates on which Pro-Built did not meet its payment obligation to Florida Rock, the trial court must recalculate the prejudgment interest from each separate due date, where the principal defaulted, until August 15, 1994, the date final judgment was entered in favor of Florida Rock.
Once the trial court has recalculated the amount of prejudgment interest, that amount should be added to the final judgment awarded to Florida Rock and, under the authority of the Florida Supreme Court’s recent decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), postjudgment interest should then accrue on the entire amount awarded to Florida Rock (which would include prejudgment interest).
Affirmed in part, reversed in part, and remanded with instructions.

. Although the cross-appellee argues that the language of the bond did not permit prejudgment interest to accrue until ninety days after Florida Rock’s last delivery, there is no provision in the bond which governs the accrual of prejudgment interest. The bond simply indicates that a claimant may not file a claim until ninety days after the claimant's last delivery.