Samuel NAIVE, Appellant,

v.

Charles C. JONES, Trading and Doing Business as Abco Van Lines, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1961.

R. D. McAfee, Charles P. Sutt, Jr., Louisville, for appellant.

Edwin O. Davis, Davis & Mahan, Louisville, for appellees.

CLAY, Commissioner.

Appellant plaintiff brought suit to recover certain personal property, or the value thereof (alleged to be $13,000), which had been stored with appellee defendants. His claim was dismissed with prejudice on the ground he failed to answer without reasonable excuse an interrogatory addressed to him by defendants.

The suit was filed September 22, 1959. On October 5 defendants served on plaintiff, under Civil Rule 33, an interrogatory which requested information with respect to the identity of the items involved, their cost, and from whom purchased. Rule 33 requires the service of an answer within 15 days after the service of the interrogatory unless the court, on motion and notice, enlarges or shortens the time. Though permitted by the Rule, plaintiff served no objections to the interrogatory nor did he request additional time.

A month later, on November 3, defendants sent a letter to plaintiff's attorney, calling his attention to the fact that the interrogatory had not been answered and requesting that such answer be made within 10 days.

No answer had been served by January 14, 1960. Defendants on that date moved to dismiss the action under the provisions of CR 37.05, giving notice the motion would be heard January 22. On January 20 an answer to the interrogatory was filed by the plaintiff. Apparently the motion to dismiss was heard January 22, and on January 26 the court entered a judgment of dismissal, reciting therein that the answer to the interrogatory filed on January 20 had been considered, "the sufficiency of which was contested at the hearing" and reciting that "no reasonable excuse" was offered by plaintiff for his failure theretofore to answer. As far as the record shows, plaintiff had, as of January 26, neither asked the court for any relief from compliance with Rule 33 nor undertaken to excuse or explain his delinquency.

Subsequently plaintiff's attorney, without moving to set aside the judgment of January 26 or making any other motion, filed affidavits in which he gave reasons for his delay. Even though no motion had been filed the court apparently reconsidered the entire matter, including the affidavits filed by the plaintiff and a counteraffidavit filed by defendants' attorney, and declined to set aside the judgment.

CR 37.05 provides as follows:

"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or *fails to serve answers to interrogatories submitted under Rule 33,* after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or *dismiss the action* or proceeding or any part thereof, or enter judgment by default against that party." (Our emphasis.)

■ Plaintiff's principal contention seems to be that the trial court lacked *authority* to proceed as it did. He contends there cannot be a violation of Rule 33 by mere *delay* in answering, and the words "fails to serve answers" means that the party must absolutely and positively *refuse* to answer. This argument is not persuasive. Rule 33 requires answers to be served within a specified number of days. If no answer is served within that time, then the party has failed to answer. Such failure is itself a positive refusal to comply as required. Consequently it constitutes a violation of Rule 33 in the manner condemned by CR 37.05, which empowers the court to dismiss the action.

■ Plaintiff next contends CR 37.05 could not be invoked unless his violation of Rule 33 was "wilful". It is apparent from a simple reading of CR 37.05 that the word "wilfully" qualifies the failure to appear for the taking of a deposition and not the failure to serve answers. Under the identical Federal Rule the use of this word "wilfully" in one place and not in the other has caused some confusion. See Moore's Federal Practice, 2d Ed., Vol. 4, Section 37.04 (page 2807).

In Proctor & Gamble v. Vasseur, Ky., 275 S.W.2d 941, we intimated that CR 37.05 contemplated a "wilful refusal" to serve answers, although in that case the real controversy involved the propriety of the interrogatories and whether the interrogated party should be required to answer at all.

While that Rule does not in terms make the *wilful* failure to answer a condition precedent to imposing sanctions thereunder, it contemplates a deliberate delinquency as opposed to one stemming from excusable neglect, inadvertence or mistake. This would be a *conscious* and *intentional* noncompliance. In the federal courts that is the exact meaning given the word "wilfully" as used in the Rule. Brookdale Mill v. Rowley, 6 Cir., 218 F.2d 728; United States v. 3963 Bottles, etc., 7 Cir., 265 F.2d 332.

■ Clearly in this case plaintiff knowingly and intentionally failed to serve his answer in compliance with Rule 33. He knowingly and intentionally ignored

defendants' letter of November 3 which gave him, after default, an additional 10 days to answer. Every day for more than the next two months plaintiff was in continual, constant and deliberate violation of Rule 33 by failing to answer. He was still in violation of the Rule on January 14 when defendants made their motion to dismiss.

We find no merit whatever in plaintiff's position that the court did not have *authority* to invoke the sanctions specified in CR 37.-05.

The only other question is whether the trial court abused its discretion in dismissing plaintiff's complaint. It is not questioned that the imposition of sanctions under CR 37.05 is within the sound judicial discretion of such court. See Brookdale Mill v. Rowley, 6 Cir., 218 F.2d 728; Craig v. Far West Engineering Company, 9 Cir., 265 F.2d 251, 72 A.L.R.2d 1143; Weiss Noodle Co. v. Aprile, 6 Cir., 272 F.2d 923. The plaintiff fails to point out in what respect this discretion was abused. At the time of the entry of the dismissal judgment of January 26 plaintiff had not undertaken, as a matter of record, to object to the interrogatory, to ask for additional time, or to explain or justify the failure to serve an answer for three months after it became due. The court was fully justified in finding that "no reasonable excuse" had been offered by the plaintiff for his failure to comply with Rule 33.

It is true that after the judgment plaintiff undertook to explain the reason for his client's noncompliance, but in view of a controverting affidavit the court acted properly within the scope of its authority in declining at that late date to accept plaintiff's excuse.

The Civil Rules prescribed a practical pattern for the conduct of litigation and the effective administration of justice. To this end reasonable compliance is necessary. The proper application and utilization of those Rules should be left largely to the supervision of the trial judge, and we must

respect his exercise of sound judicial discretion in their enforcement. The plaintiff has failed to convince us of any error in the judgment from which he has appealed

The judgment is affirmed.