**Steve Nelson BURNS, a minor, and Rebel Burns, as next friend and individually,**

v.

**Fred F. PHILLIPS and John David Phillips.**

**Civ. A. No. 12946.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 4, 1970.

Haas, Holland, Freeman, Levison & Gibert, Atlanta, Ga., for plaintiffs.

Westmoreland, Hall & O'Brien, Neely, Freeman & Hawkins, Atlanta, Ga., for defendants.

5. Relevancy is not the equivalent of "good cause." 4 Moore, Fed.Prac. (2d ed.) § 34.08.

EDENFIELD, District Judge.

## ORDER

This case is now before the court for consideration of plaintiffs' motion to substitute parties and plaintiffs' objections to defendants' requests for admission.

■ In their motion to substitute parties plaintiffs seek an order substituting Peggy Burns for Rebel Burns as next friend to Steve Burns, on the ground that a court of competent jurisdiction has appointed Peggy Burns guardian of the person and property of Steve Burns. Defendants object to the substitution on the grounds that (1) they question whether the statutory conditions precedent to the appointment were met; (2) the Florida guardianship with its $1,000 bond does not appear to them to be a proceeding geared to any lawsuit; (3) the father of Steve Burns is still living with the mother; and (4) the only possible purpose of the substitution would be to have three parties as plaintiffs, each of whom might appear at counsel table.

■■ The court rejects defendants' objections as completely without merit. The motion to substitute is accompanied by copies of the court order appointing Peggy Burns guardian and of the guardianship papers. Under Rule 17(c) a guardian may bring an action of this type on behalf of an incompetent ward, and under Georgia law any regularly appointed foreign guardian may sue to enforce his ward's rights in any court in this state. Ga.Code Ann. § 49–407. It does not appear, however, that substitution under Rule 25 is the proper procedure to accomplish this, for Rule 25 applies only if, after the action is instituted, a party dies, becomes incompetent, or transfers his interest, or if a public officer who is a party is succeeded in office by someone else. C. Wright, Law of Federal Courts, § 77 at 338. The substitution sought in the instant case does not fall within any of the foregoing categories, nor is it a question of Peggy Burns as duly appointed guardian, being the one who *must* represent Steve Burns. However, the requested change clearly may be accomplished by amending the complaint under Rule 15, and as such it will be allowed.

Also before the court are plaintiffs' objections to the requests for admissions served upon them by defendants on March 4, 1970. Plaintiffs object to Requests 3 through 16 on the ground that they are irrelevant to all issues in this action and would be inadmissible if proved. The objected-to requests all relate to persons not involved in this litigation and to events which transpired some two years before the accident in question occurred. Defendants contend that the admissions would be admissible for purposes of impeaching Plaintiff Rebel Burns' deposition testimony and to rebut deposition testimony which has been obtained from certain other witnesses.

■■ The purpose of the rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues, thereby avoiding the time, trouble and expense which otherwise would be required to prove those issues. Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2d Cir. 1966); Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910 (2d Cir. 1959). This purpose is best served by adhering to the rule's requirement that the requested admissions be relevant to the issues in the case. If usefulness for purposes of impeachment were accepted as the criterion of relevancy, the relevancy test would for all practical purposes be worthless. The court concludes that the requested admissions are not relevant to the issues in this case and plaintiffs will not be required to respond.

■ Furthermore, defendants' brief in opposition to plaintiffs' objections makes it perfectly clear that defendants are seeking admission of disputed facts.

Plaintiffs' objection was not based on this point—indeed it could not have been for this did not become apparent until defendants attempted to show relevancy by urging that the admissions are needed for impeachment purposes and to rebut other testimony which already has been obtained. But the court takes note of the fact that even if the requested admissions met the relevancy test they would be improper because their avowed purpose is to dispute facts which already have been testified to by plaintiffs and several witnesses.

Accordingly, plaintiffs' objections to defendants' requests for admissions are sustained; treating the motion to substitute parties as a motion to amend the complaint, that motion is granted.