**Donald SPRADLING et al., Appellants,**

**v.**

**BOONE COUNTY PLANNING COMMISSION et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 11, 1970.

William I. Bubenzer, Covington, for appellants.

Duane L. Vincent, Florence, Asa Rouse, Walton, Frank Gofton Ware, Covington, for appellees.

KENTON J. COOPER, Special Commissioner.

This action was instituted pursuant to KRS 100.347 by appellant Donald Spradling et al., requesting the Boone Circuit Court to declare the action of the Boone County Planning Commission in granting defendant-appellee Howard Beeson a special-use permit to be invalid.

It appears that on Wednesday, February 5, 1969, appellee Howard Beeson served interrogatories upon appellants by mailing them on that date to their attorney. In addition thereto the following procedural steps were taken: (1) Monday, February 24, 1969, appellee Beeson served notice of motion to dismiss for failure to respond to interrogatories; (2) Tuesday, February 25, 1969, appellants served notice of motion for extension of time to answer interrogatories with attached affidavit; (3) Monday, March 3, 1969, was regular motion day, but due to illness the judge did not appear; (4) Tuesday, March 11, 1969, appellee Beeson served notice that his motion to dismiss would be presented on Monday, March 17, 1969; (5) Wednesday, March 12, 1969, appellants served answer to interrogatories by mailing same; (6) Saturday, March 22, 1969, the trial judge sustained the motion of appellee Beeson to dismiss the complaint.

It appears that two questions are to be decided in order to properly determine this matter: (1) Was appellee Benson's motion to dismiss appellants' complaint for failure to answer interrogatories premature? and (2) Did the trial court abuse its discretion in dismissing the appellants' complaint for failure to file answer to interrogatories where interrogatories were served on February 5, 1969? Appellants filed their motion for additional time in which to answer interrogatories on February 25, 1969, with supporting affidavit, and

hearing on both motions was not held until March 22, 1969, eleven days after answer had been filed. The affidavit stated the interrogatories were not received by counsel until February 10, and "that this suit involves eight (8) separate and distinct plaintiffs and their spouses, and that shortly after the receipt of said interrogatories, he distributed copies of these interrogatories to each plaintiff with the request that they answer same and return them to him in order that said answers could be prepared with a proper verification for submission to the defendants; that at the present time he has not received answers from all of the plaintiffs since said interrogatories required the plaintiffs to make various inquiries to additional persons in order to fully and truly answer the interrogatories as submitted; that 15 days is not sufficient time in which to secure the answers from all of the plaintiffs, and therefore, this affiant requests 15 days additional time from and after March 3, 1969."

The appellants and appellees have given different interpretations to Civil Rule 6.05, which is applicable in this case and states:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

It appears this would extend the time for response to interrogatories from fifteen days to eighteen days. The interrogatories were served on February 5, 1969, making the response due on February 23, 1969, but this was on Sunday, adding an extra day, making the final date February 24, 1969. With a strict interpretation of the Rule, we find the motion was not premature.

We now consider whether or not the trial court abuses its discretion in dismissing the appellants' complaint.

It is the contention of the appellants that it did. The appellants are relying on the theory that their failure to file a timely response was the result of "excusable neglect," and the trial court did not use sound judicial discretion in dismissing the complaint. According to Black's Law Dictionary, "excusable neglect" is the failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or wilful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

Judicial discretion as defined in Black's Law Dictionary is discretion bounded by rules and principles of law, and not arbitrary, capricious or unrestrained.

There is no question that the dismissal of appellant's complaint is within the purview of the trial judge's authority under Civil Rule 37.05, which states:

"If a party or an officer or managing agent of a party without good cause fails (1) to appear before the officer who is to take his deposition after being served with a proper notice, or (2) to serve answers to interrogatories submitted under Rule 33 after proper service of such interrogatories, the court on motion may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter judgment by default against that party."

Both appellants and appellees cite the case of Naive v. Jones, Ky., 353 S.W.2d 365, in which facts were similar but there was a greater length of time for filing a response; however, answers were served prior to hearing of the motion to dismiss, but the court dismissed the action.

■■ Under the excusable-neglect theory, the appellants are relying on the fact that they were unable to elicit information from the eight appellants and their wives and prepare their answer and submit their response within the required time. We submit that the time period may be enlarged by the court if the request therefor be made before the expiration of the period originally prescribed. Counsel for the appellants was aware of the numerous parties involved, but no request for extension of time was made until after the motion to dismiss the complaint had been filed.

In the case of Baltimore & Ohio Railroad Company v. Carrier, Ky., 426 S.W.2d 938, the court said there is a presumption that the Rules of Civil Procedure are designed to provide litigants with swift and speedy relief. In sustaining a default judgment because of delay, this court said at page 941: "If the Rules of Civil Procedure are to serve the purpose for which they are designed, they must be respected."

In Moffit v. Asher, Ky., 302 S.W.2d 102, this court also held that where the record failed to show what was considered by the trial court in arriving at a decision to allow reply to be filed after the normal period of 20 days after service of answer, the reviewing court could not say that the trial court abused its discretion, but was required to indulge the presumption that the ruling was justified.

As stated in the case Hawks v. Wilbert, Ky., 355 S.W.2d 655, the question of adhering strictly to the rules has plagued the courts many times. However, the court has adopted the policy of strict compliance in the belief that the legal profession should by now be adequately informed on these rules.

We believe that the preponderance of authority upholds the decision of the trial court. We, therefore, believe that the trial judge did not abuse his discretion in failing to grant appellants an extension of time in this matter.

The judgment is affirmed.

All concur.