**W. W. & W. B. GARDNER, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**PARK WEST VILLAGE, INC., a Utah Corporation and Summit Limited, a California limited partnership, et al., Defendants and Appellant.**

No. 14814.

Supreme Court of Utah.

Aug. 8, 1977.

---

Rimel & Hesling, Inc., Santa Ana, Cal., and Timothy R. Hanson and John M. Chipman of Hanson, Wadsworth & Russon, Craig S. Cook, Salt Lake City (on appeal only), for defendants and appellant.

Bruce A. Maak of Martineau & Maak, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is a judgment granting plaintiff's motion for summary judgment and judgment by default. Defendant appeals. We affirm. Costs to plaintiff.

Plaintiff initiated this action to recover the cost of labor and material furnished, pursuant to a written contract, for the asphalt paving of streets and parking areas. Plaintiff filed a motion for summary judgment, and a motion for default judgment as a sanction for failure to respond to discovery requests pursuant to Rule 37(d), U.R.C.P. Upon hearing, plaintiff's motions were granted.

On October 23, 1975, plaintiff served the first set of interrogatories on defendant. On both July 6 and August 9, 1976, plaintiff served defendant with a third set of interrogatories. On July 12 and August 9, 1976, plaintiff served defendant with a request for production of documents. On July 6 and August 9, 1976, plaintiff served defendant with a request for admission of facts.

Since there had been no response to any of the requests for discovery, plaintiff filed its motion for a default judgment as a sanction pursuant to Rule 37(d), U.R.C.P. The motion was noticed for hearing on September 20, 1976. On September 15, 1976, defendant served its response to the first set of interrogatories (10 months late), its response to the third set of interrogatories (1½ months late) and its answers and objections to the requests for admission of facts (1½ months late). Defendant has not filed a response to the request for production of documents. Defendant further filed an affidavit in opposition to the motion for summary judgment.

Defendant did not appear at the hearing on these motions. The trial court found defendant's failure to respond to discovery was without excuse or justification and that defendant had never sought leave of the court for additional time pursuant to Rule 33(a). The court further found defendant's failure to respond to discovery requests had caused delay in prosecution of the case; and additional, substantial expense to plaintiff. The trial court ruled that pursuant to Rule 37(d), U.R.C.P., a judgment by default should be entered against defendant on the ground of defendant's persistent failure to respond timely or properly to discovery requests.

The court also entered a summary judgment against defendant, because the pleadings, admissions, affidavits on file showed there to be no genuine issue of any material facts; and plaintiff was entitled to judgment as a matter of law.

Defendant contends there were material issues of fact in dispute which would preclude summary judgment. The contract pursuant to which plaintiff rendered its services was executed on defendant's behalf by Ski Park City West, Inc. Defendant by an affidavit filed three days prior to hearing denied that Ski Park City West, Inc. acted as defendant's agent. However, through a series of requests for admissions plaintiff established the requisite facts concerning the agency relationship and defendant's responsibility to pay for the work. Defendant belatedly responded to the admissions but under Rule 36(a), U.R.C.P., the matters were deemed admitted when defendant failed to answer or object within 30 days after service.

Rule 36(b), U.R.C.P., provides:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .

Defendant made no motion to withdraw or amend the admissions but merely submitted an affidavit based on the information and belief of the current general partner of defendant that there was no agency relationship.[1] Defendant's conten-

---

1. Rule 56(e), U.R.C.P. requires that opposing affidavits shall be made on personal knowledge, shall show the affiant is competent to testify to the matters stated therein, and that

tion that the record does not sustain the summary judgment is without merit. Any matter admitted under Rule 36(a), U.R.C.P. is conclusively established under Rule 36(b), U.R.C.P., unless the court on motion permits withdrawal or amendment of the admission.[2]

Although the court's ruling on the motion for summary judgment is a sufficient ground to sustain the judgment rendered against defendant, defendant further contends the trial court erred in granting the judgment by default as a sanction pursuant to Rule 37(d), U.R.C.P.

Rule 37(d), U.R.C.P. was amended in 1972 to correspond with the 1970 amendment to Rule 37, Federal Rules of Procedure:

Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed upon him by the discovery rules even though he has not violated any court order. . . .[3]

In 1970 Rule 37(d) was made applicable for the first time to the inspection of documents and things under Rule 34. This rule applies if the party requested to permit inspection fails to serve a written response to the request. . . .[4]

. . . Until 1970 the rule applied only if a failure by a party was willful. This limitation has been eliminated. In addition, the rule now says as Rule 37(b)(2) always has said, that the court is to make 'such orders with regard to the failure as are just.' Taken together these two changes mean that any failure of the sort described in Rule 37(d) permits invocation of the rule, regardless of the reason for the failure, but that the court has discretion about the sanction to be imposed. The presence or absence of will-

the facts set forth would be admissible in evidence.

**2.** See 8 Wright and Miller, Federal Practice and Procedure, Sec. 2264, p. 743; 4A Moore's Federal Practice, Sec. 36.08, p. 36-78.

**3.** 8 Wright and Miller, Federal Practice and Procedure, Sec. 2291, p. 807.

**4.** Id. p. 810.

fulness remains relevant in the choice of sanction. . . .[5]

■ Defendant contends Rule 37(d) is inapplicable, for the reason it served answers to the interrogatories prior to the hearing on the motion for a default judgment. Thus, defendant claims it had not *failed* to serve answers, which is the only basis for invoking the sanctions provided under Rule 37(d).

A similar argument was urged in *Naive v. Jones*,[6] wherein plaintiff answered the interrogatories two days prior to the hearing of plaintiff's motion to dismiss. The court reasoned that under Rule 33, a party has a certain specified time to answer; if he does not, he has *failed* to answer, and the opposing party may appropriately invoke the sanctions. The court further observed the imposition of sanction is within sound judicial discretion of the trial court, and plaintiff had not indicated how that discretion was abused. Plaintiff had not undertaken to object to the interrogatories, to request additional time, or to explain or justify his failure to answer. The court ruled the trial court was justified in finding there was no reasonable excuse for plaintiff's failure to comply with Rule 33.

■ In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Echols*,[7] the court stated there was no significance in the fact plaintiff submitted answers to the propounded questions, before the hearing on defendant's motion for sanctions. The court ruled once the motion for sanctions has been filed, the opposing party may not preclude their imposition by making a belated response in the interim between the filing of the motion for sanctions and the hearing on the motion.[8]

**5.** Id. pp. 811–812.

**6.** Ky., 353 S.W.2d 365 (1961).

**7.** 138 Ga.App. 593, 226 S.E.2d 742, 743 (1976).

**8.** Also see *United States v. Continental Casualty Co.* (4th Cir. 1962). 303 F.2d 91; *Spradling v. Boone County Planning Commission*, Ky., 461 S.W.2d 548 (1970).

■ Defendant contends plaintiff cannot complain, since plaintiff did not move pursuant to Rule 37(a)(2) for an order compelling defendant to answer the interrogatories or to respond to the request for inspection.

Subdivision (d) of Rule 37 deals with situations in which the sanctions for failure to make discovery provided for in subdivision (b) may be applied by the court on the motion of the party seeking discovery without first ordering compliance. . . .[9]

Finally, defendant contends the trial court abused its discretion in granting a default judgment.[10]

■ The extreme sanction of default or dismissal must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited.[11] Under Rule 37(d) sanctions are justified without reference to whether the unexcused failure to make discovery was wilful. The sanction of default judgment is justified where there has been a frustration of the judicial process, viz., where the failure to respond to discovery impedes trial on the merits and makes it impossible to ascertain whether the allegations of the answer have any factual merit.[12]

■ A defendant may not ignore with impunity the requirements of Rules 33 and 34, and the necessity to respond within thirty days, or to request additional time or to seek a protective order under Rule 26(c). A party to an action has a right to have the benefits of discovery procedure promptly, not only in order that he may have ample time to prepare his case, but also in order to bring to light facts which may entitle him to summary judgment or induce settlement prior to trial. The rules were designed to secure "the just, speedy and inexpensive determination of every action," Rule 1.[13]

■ In this matter, the trial court may not be deemed to have abused its discretion, since the sanction of default judgment was justified, by defendant's persistent dilatory tactics frustrating the judicial process.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

9. 4A Moore's Federal Practice, Sec. 37.05, p. 37–85; also see 8 Wright and Miller, Federal Practice and Procedure, Sec. 2291, p. 807: "No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party. . . ."

10. *Carman v. Slavens,* Utah, 546 P.2d 601 (1976).

11. *Vac-Air, Inc. v. John Mohr & Sons, Inc.* (7th Cir. 1973), 471 F.2d 231, 234.

12. *Bollard v. Volkswagen of America, Inc.* (U.S. D.C.W.D.Mo.1971), 56 F.R.D. 569, 582–585.

13. *United States v. Continental Casualty Co.,* note 8, supra.