## 57107. NATIONAL BANK OF GEORGIA v. HILL.

BELL, Chief Judge.

The complaint in this case was captioned "The National Bank of Georgia Successor to the First National Bank of Tucker Plaintiff vs. Robert H. Hill Defendant." In the complaint plaintiff alleged that defendant executed and delivered a promissory note which was attached to the complaint and which had not been paid at maturity. The attached note reflected that the payee was the First National Bank of Tucker. Plaintiff sought recovery of the principal, $5,200, plus $193.08 interest and $808.96 attorney fees. Defendant answered denying execution and delivery of the note and alleged that plaintiff was the "wrong Party at interest" and that the note was "infected with usury." Thereafter plaintiff served on defendant a request for admissions of fact and authenticity of documents. The substance of this request for admissions was that defendant executed the note which was attached to the complaint; that a balance was due on the note in the amount of $5,200; and that defendant owes plaintiff on this note the amounts claimed in the complaint for principal, interest and attorney fees. No answer or objection was filed to the request for admissions. The complaint was later amended to demand interest in the amount of $1,112.68. At the conclusion of plaintiff's evidence, the court granted defendant's motion for involuntary dismissal. *Held:*

1. As defendant failed to answer the requests for admissions, the matters contained in the requests were admitted. CPA § 36 (a) (Code Ann. § 81A-136 (a)).

However, these resulting admissions constitute matters of proof and of evidence and before they can be considered by the trier of the facts, they must be introduced in evidence. *Forsyth v. Peoples, Inc.* 114 Ga. App. 726 (152 SE2d 713). The admissions were not tendered in evidence. Therefore, a prima facie case for recovery was not established by the admissions.

2. At the trial, plaintiff offered in evidence a photocopy of the original agreement showing that plaintiff had purchased the National Bank of Tucker and its assets. The court excluded this evidence and consequently excluded the promissory note in question, as well as other documents involving defendant's account on the ground that: ". . . this is a purported copy, and no evidence who made the copy. There's been no evidence of the purpose for the making of this particular copy. And of course, the original is not here for inspection, nor have they offered even the first scintilla of evidence as to who the custodian of the original is. All they say is the bank's got it, and he can't find it. They have not laid a satisfactory foundation for the original being missing to admit it now."Code § 38-710 provides:"Any photostatic . . . or photographic reproduction of any original writing or record which may be or has been made in the regular course of business to preserve permanently by such reproduction the writing or record shall be admissible in evidence in any proceeding in any court of this State . . . in lieu of and without accounting for the original of such writing or record . . ." This item of evidence was admissible under this statute as plaintiff developed a sufficient foundation. The ground of objection was totally insufficient to defeat its admissibility. Based on this exclusion, the court excluded all other documents relating to defendant's indebtedness, and this was harmful error.

*Judgment reversed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 4, 1979 — DECIDED JANUARY 11, 1979.

*Schwall & Heuett, Donald J. Goodman,* for appellant.

*Kemper, Baker & Boswell, Joseph R. Baker,* for appellee.