### JEAN DAMIDAUX and VIOLET DAMIDAUX, Plaintiffs

v.

### HESS OIL VIRGIN ISLANDS CORP., and PETTIBONE CORPORATION, Defendants

and

### HESS OIL VIRGIN ISLANDS CORPORATION, Third-Party Plaintiff

v.

### STANDBY POWER SUPPLIES, INC., Third-Party Defendant

Civil No. 55/1978

District Court of the Virgin Islands

Div. of St. Croix

January 27, 1981

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

BRITAIN H. BRYANT, ESQ. (BRYANT & LENAHAN), Christiansted, St. Croix, V.I., *for defendants and third-party plaintiff*

JAMES L. HYMES, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), Charlotte Amalie, St. Thomas, V.I., *for defendants*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for third-party defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

The plaintiff has moved the court to impose sanctions on defend-

ant Pettibone for failure to respond to two sets of interrogatories propounded on October 30, 1980, and December 12, 1980. On October 30, 1980, the plaintiff served his first set of interrogatories on Pettibone. Answers to these interrogatories were filed with the court on January 20, 1981. The second set of plaintiff's interrogatories were served on Pettibone on December 12, 1981. Answers to the second set have not yet been filed with the court.

■ Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to serve answers to interrogatories submitted under Rule 33, the court in which the action is pending may make such orders as are just including any action authorized under paragraphs (A), (B), and (C) of Rule 37(b)(2). Actions authorized under these subsections include:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(d) also states that the court must require, irrespective of whether other sanctions are imposed, that the party failing to act or his attorney or both pay the reasonable expenses, including attorney's fees, engendered by the failure to act unless the court finds that there was a substantial justification or other circumstances that would make an award of expenses unjust.

■■ It must be noted that the entry of a court order compelling discovery is not a prerequisite to imposition of any of the sanctions set forth in Rule 37(d). Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966); Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2291 at p. 807 (1970). The sole prerequisite is proper service of the interrogatories on the other party. Wright & Miller supra, § 2291 at p. 807. Furthermore, it has been held that a belated response to interrogatories does not eliminate the power of a court to impose the sanctions in 37(d). Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Echols, 226 S.E.2d 742 (Ga. App. 1976);

305

Naive v. Jones, 353 S.W.2d 365 (1961); W. W. & W. B. Gardner, Inc. v. Park West Village, Inc., 568 P.2d 734 (Utah 1977).

■ ■ Having made the determination that sanctions may be imposed upon the defendant Pettibone, the court nonetheless considers the striking out of Pettibone's answer and affirmative defenses and entry of a judgment by default inappropriate and too drastic in this instance. The defendant has responded to the interrogatories propounded on October 30, 1981, and is herein directed to respond to the second set of interrogatories no later than January 27, 1981. The purpose of sanctions is not to punish, but to induce a recalcitrant party to complete discovery. The court feels, therefore, that an award of attorney's fees is appropriate at this time.

The plaintiff will submit an affidavit detailing the reasonable expenses incurred by virtue of Pettibone's failure to answer in a timely fashion the interrogatories propounded by the plaintiff.

## ORDER

For the reasons set forth in the Memorandum Opinion attached herewith, it is hereby

ORDERED that the plaintiff's motion for sanctions be DENIED with respect to the striking out of defendant Pettibone's answer and affirmative defenses and entry of default judgment against defendant Pettibone; and it is further

ORDERED that defendant Pettibone respond to the plaintiff's interrogatories dated December 12, 1981, no later than January 27, 1981; and it is further

ORDERED that plaintiff's motion for sanctions be GRANTED with respect to the granting of reasonable expenses, including costs, incurred by the plaintiff in this motion; and it is further

ORDERED that the plaintiff submit to the court an affidavit stating his expenses in this motion.