Leah D. MASSEY and the State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Appellants,

v.

Chester Dean HAUPT, Defendant and Respondent.

No. 16964.

Supreme Court of Utah.

June 22, 1981.

1

Ted L. Cannon, Gerald M. Conder, Salt Lake City, for plaintiffs and appellants.

William W. Downes, Jr., Kathryn Collard, Salt Lake City, for defendant and respondent.

MAUGHAN, Chief Justice:

The plaintiff appeals from the District Court's judgment which found the defendant was not the father of the plaintiff's minor child and dismissed the cause with prejudice. We affirm. All statutory references are to Utah Code Annotated, 1953, as amended.

These proceedings were initiated cooperatively by the Utah State Department of Social Services and Leah D. Massey, (hereinafter collectively referred to as "plaintiffs") to recoup monies expended for medical expenses relating to the birth of Miss Massey's minor child, Kip Lane Massey. The plaintiffs also sought recovery of monies paid for the support of the child and the entry of a court order requiring prospective support payments by the defendant, Chester Dean Haupt. The plaintiffs contend the defendant is the father of Kip Lane Massey and, therefore, should be held financially responsible for support of the child and the medical expenses relating to its birth.

The defendant contested the allegations of paternity and following several delays and continuations the matter was finally adjudicated in the District Court on February 6, 1980. Following a trial on the merits, the jury returned a verdict for the defendant and found that he was not the father of the minor child. The court entered judgment in accordance with the verdict and the plaintiffs brought this appeal.

The plaintiffs' main argument on appeal concerns the trial court's failure to instruct the jury that:

"As a matter of law, defendant, Chester Dean Haupt, is deemed to have had intercourse with the plaintiff, Leah D. Massey, on at least one occasion in the month of July, August, and in the month of September, 1973."

The plaintiffs' request for the instruction was based upon the defendant's alleged failure to respond to requests for admissions tendered by the plaintiff, pursuant to Rule 36 of the Utah Rules of Civil Procedure. The district judge refused to give the instruction in question because the defendant's admissions were not called to the court's attention prior to the plaintiffs' objection to the refusal to tender the instruction.

■ The sanctions of Rule 36(b), U.R. C.P., are not self-executing [1] and admissions

---

1. See *Gilbert v. General Motors Corporation*, 133 F.2d 997 (2nd Cir. 1943) cert. denied, 319 U.S. 743, 63 S.Ct. 1031, 87 L.Ed. 1700 (1943). In *Gilbert* the court explained: "The rule is not

obtained under the rule must be offered into evidence at the trial of the action by the party who wishes to rely on the admissions.[2] Thus, although we have recognized that matters admitted pursuant to Rule 36 are deemed conclusively established,[3] that fact does not relieve the party who wishes to rely on those admissions from the necessity of introducing them into evidence.

When the admissions are offered into evidence they become subject to all pertinent objections to admissibility which may be interposed.[4] In addition, pursuant to Rule 36(b), U.R.C.P., the court may permit withdrawal or amendment of the admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment of the admissions would prejudice him in maintaining his action or defense on the merits.[5]

In the present case, rather than relying on the admissions in question, the plaintiffs attempted, during the presentation of their case, to establish the fact of intercourse at the times in question through the testimony of Leah D. Massey. In fact, during this testimony, Miss Massey refuted the admissions in part by explaining that she had not been involved sexually with the defendant in the months of July or September. While she did testify that the couple had sexual intercourse in August, this fact was strongly contested by the defendant.

The purpose of Rule 36(b), U.R.C.P., is to expedite the trial by removing essentially undisputed issues from consideration and thereby avoiding the time, trouble and expense which otherwise would be required to prove those issues.[6] Effectuation of this purpose demands the party who wishes to rely on admissions gained by the operation of the rule, make the court aware of those admissions at the earliest possible time.

We believe the plaintiffs' failure to introduce the admissions in the present case, foreclosed them from relying on those admissions in the requested instruction to the jury. The District Court's refusal to give the plaintiffs requested Instruction No. 21 was, therefore, not error and the judgment is affirmed. The only other issue presented by the plaintiffs on appeal is without merit.

HOWE and OAKS, JJ., concur.

STEWART, J., concurs in the result.

HALL, Justice (concurring):

I concur, but make the following observation regarding plaintiffs' second point on appeal which challenges the propriety of an award of a $50 jury fee as costs.

We do not address the costs issue since it was raised for the first time on this appeal,

self-executing and if one would take advantage of its provisions all the facts necessary to invoke the consequences must be made in some way to appear." *Id.* at 1003; see 8 Wright and Miller, Federal Practice and Procedure, Sec. 2264, p. 739 (1970).

2. *Avant Incorporated v. Polaroid Corporation,* 441 F.Supp. 898 (D.Mass.1977), affirmed, 572 F.2d 889 (1st Cir. 1978) cert. denied, 439 U.S. 837, 99 S.Ct. 120, 58 L.Ed. 132 (1978). *S. Kemble Fischer Realty Trust v. Board of Appeals of Concord,* —— Mass.App. ——, 402 N.E.2d 100 (1980); *National Bank of Georgia v. Hill,* 148 Ga.App. 688, 252 S.E.2d 192, 193–194 (1979). ("As defendant failed to answer the requests for admissions, the matters contained in the requests were admitted; C.P.A., Sec. 36(a) (Code Ann., Sec. 81A–136(a)). However, these resulting admissions constitute matters of proof and of evidence and before they can be considered by the trier of the facts, they must

be introduced into evidence.") See also 8 Wright and Miller, supra note 2, at 739.

3. See *W. W. & W. B. Gardner, Inc. v. Park West Village, Inc.,* Utah, 568 P.2d 734 (1977).

4. *Broy v. Inland Mutual Insurance Company,* W.Va., 233 S.E.2d 131 (1977).

5. See *Warren v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America,* 544 F.2d 334 (8th Cir. 1976); *Westmoreland v. Triumph Motorcycle Corporation,* 71 F.R.D. 192 (D.Conn.1976).

6. See *Burns v. Phillips,* 50 F.R.D. 187 (N.D. Georgia 1970); Wright, Federal Courts, 3d ed., Sec. 89, p. 438 (1976).

no motion having been made below to tax costs as provided for by Rule 54(d)(2), U.R. C.P.