## 63492. NATIONAL BANK OF GEORGIA v. HILL.

BANKE, Judge.

This case has a somewhat tortured history. On June 13, 1977, the National Bank of Georgia, styling itself as successor in interest to the First National Bank of Tucker, filed suit against the appellee to collect a 91-day promissory note dated October 29, 1974. The appellee answered, denying execution of the note, and the bank filed requests for admissions, none of which were ever answered. Based on the appellee's failure to respond to these admissions within the time provided by law and on an affidavit from one of its vice-presidents, the bank moved for summary judgment. The appellee responded by moving to withdraw the admissions, but without setting forth any reasons for the motion or submitting any responses to the requests for admission. The court did not rule on either of these motions, and the case proceeded to a non-jury trial.

At trial, the bank offered as evidence a photocopy of an agreement showing its purchase of the assets of the First National Bank of Tucker, but the trial court excluded it on the ground that the original had not been accounted for. Based on this ruling, the court also disallowed the note itself and granted the appellee's motion to dismiss the case for lack of evidence. An appeal was taken to this court, and we reversed, holding that a proper foundation for the admission of the photocopy had been laid pursuant to Code Ann. § 38-710. *National Bk. of Ga. v. Hill,* 148 Ga. App. 688 (2) (252 SE2d

192) (1979). We further held, in Division 1 of that opinion, that because the appellee had failed to answer the requests for admission, the facts asserted therein were admitted pursuant to Code Ann. § 81A-136 (a).

Upon remand, the case was tried before a jury, pursuant to the appellee's request. This time, the bank offered the original of the purchase agreement with the First National Bank of Tucker, rather than a copy, but the trial court disallowed it on the ground that the subscribing witnesses had not been produced pursuant to Code § 38-706. As a consequence of this ruling, the court granted the appellee's motion for directed verdict. Also, immediately prior to trial, the court entered an order *nunc pro tunc* granting the appellee's request to withdraw the admissions and denying the bank's motion for summary judgment. *Held:*

This court's ruling in the previous appeal that a copy of the agreement was admissible as a business record pursuant to Code Ann. § 38-710 constitutes the law of the case. See generally Code Ann. § 81A-160 (h). It follows that the originals were also admissible and that the trial court erred in disallowing them. Similarly, this court's ruling that the matters asserted in the requests for admission were deemed admitted also constitutes the law of the case; and the trial court consequently erred in allowing the appellee to withdraw these admissions. On the basis of these admissions, the bank was entitled to summary judgment. The judgment of the trial court is accordingly reversed, and the case is remanded with direction that the judgment be entered for the bank in the amount of $5,200 principal, $806.96 attorney fees, and 9 percent interest on the principal from the date of execution of the note to the date of judgment.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 3, 1982.

*Donald J. Goodman, Robert Wayne,* for appellant.
*Joseph Baker,* for appellee.