UNITED STATES, PLAINTIFF *v.*
NEMAN BROTHERS & ASSOCIATES AND YOEL NEMAN, DEFENDANTS

Court No. 89-07-00444

(Dated February 7, 1994)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Anthony H. Anikeeff,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; of counsel: *Joanne Halley,* Assistant Regional Counsel, United States Customs Service, Long Beach, California for plaintiff.
*Leonard M. Fertman P.C. (Leonard M. Fertman)* for defendants.

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

MUSGRAVE, *Judge:* The United States commenced this action pursuant to Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592, seeking to recover penalties related to 15 entries of polyester fabric that Neman Brothers allegedly entered or sought to enter in violation of the Customs laws of the United States. In particular, in an attempt to circumvent quotas established with respect to polyester fabric manufactured in the Republic of Korea, Neman Brother and Yoel Neman allegedly arranged for the transshipment of Korean-made polyester fabric through Japan, concealment of the Korean origin of the fabric, and the creation of false papers prior to the fabric's importation into the United States. *Complaint Paras. 7–42.* In this regard, this case involves a scheme similar to that reflected in several other matters currently or previously pending before this Court.[1]

The story of the defense mounted by the Neman brothers in this and two other related matters before this Court,[2] is a sordid tale of delay, obfuscation, and recalcitrance. Defendants were regularly late with Court filings, and labored continually under the specter of a default judgment.[3] Defendants also filed a series of marginally meritorious motions and fired, then re-hired their attorney, gaining a substantial delay in these proceedings. Perhaps the high point in this charade occurred in CIT No. 92-03-00183, when Neman Brothers & Associates,

---

[1] Yoel Neman is the defendant in *United States v. Yoel Neman* CIT No. 89-03-00146, which involves the same scheme but different importing companies. This case and the *Yoel Neman* case, in turn, are factually similar to at least two other matters that are or have been before the Court. *See United States v. Daryoush Daian,* CIT No. 90-09-00458, and *United States v. Gold Textile Co. and Soleyman Neman,* CIT No. 09-02-0080 (default judgment entered by the Court on August 29, 1991). Finally, Neman Brothers is the defendant in *United States v. Neman Brothers & Associates, Inc,* CIT No. 92-03-00183 *(Neman Brothers II)* involving the alleged alteration of documents regarding fabric imported from Japan.

[2] *See id.* CIT Nos. 89-03-00146 and 92-03-00183.

[3] Default was in fact entered, but then vacated in CIT No. 92-03-00183. The Court vacated default because it obtained the Nemans' assurances that they would obtain counsel and file a proper response to Plaintiff's First Amended Complaint. They have subsequently done so. The Nemans are admonished, however, that the mere presence of counsel does not immunize them from the consequences of any past or future misconduct regarding discovery or any other matter concerning the prosecution of this case.

a *corporation* moved to proceed *in forma pauperis*—even as the government had already documented in excess of 42 million dollars in value for the entries under investigation.[4] Despite these affronts to the justice system, the Court granted defendants leave to file their tardy Opposition to the United States' Motion for Sanctions due to the severity of the relief sought by the government.

### PLAINTIFF'S CLAIMS FOR SANCTIONS

Plaintiff asserts two justifications for striking Defendant's Answer, entering default against defendants, and for ordering sanctions in the form of compensation to the government for its costs in pursuing discovery in this case. Primarily, plaintiff relies on United States Court of International Trade Rule 37(d), which mirrors the Federal Rules of Civil Procedure and prescribes the sanctions the Court may impose upon defendants that fail to respond to interrogatories or requests for production. Plaintiff claims that the Court is justified in entering default against defendants for their failure to secure counsel as required for corporations by USCIT R. 75(b)(1) as well. That, in turn, exacerbated the delay in the prosecution of this matter, diminished the effectiveness of the Court's leverage on defendants in forcing them to comply with Court rules, and substantially prejudiced plaintiff's ability to fully develop and plead its case. *See W.W. & W.B. Gardner, Inc. v. Park West Village Inc.,* 568 P.2d 734, 738 (Utah 1977) ("The sanction of default judgment is justified where there has been a frustration of the judicial process, *viz.,* where the failure to respond to discovery impedes the trial on the merits and makes it impossible to ascertain whether the allegations of the answer have any factual merit.")

### DISCUSSION

On February 26, 1991, the United States served Plaintiff's First Set of Interrogatories and Plaintiff's First Request for the Production of Documents upon Yoel Neman and Neman Brothers in this case and upon Yoel Neman in the *Yoel Neman* case. Defendant's Counsel sought to withdraw from the case when, instead of responding to the discovery by April 8, 1991, defendants "specifically * * * [instructed him] * * * not to do anything further to see if these cases would just die." *Letter of Fertman March 18, 1991, Plaintiff's Motion For Sanctions* (Attachment 3). In granting Mr. Fertman's motion to withdraw, the Court ordered that "Defendants shall have sixty days from the date of this order to respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for the Production of Documents." Plaintiff claims that "Neman Brothers and Yoel Neman have neither retained new counsel nor responded to discovery in this case or the *Yoel Neman* case." *Plaintiff's Motion For Sanctions at 3.* Since plaintiff's Motion for Sanctions, the Court has allowed defendants to retain Mr. Fertman again, but this last minute

---

[4] *See Declaration of Sue Bain United States Motion for Sanctions* (Attachment 10).

maneuver does not cure defendant's inexcusable delay in complying with the Court rules regarding discovery or the appointment of counsel.

Rule 37(d) prescribes:

> If a party or an officer, director, or managing agent of a party * * * fails * * * (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve written response to a request for inspection submitted under Rule 34, after proper service of the request, the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions (b)(1), (b)(2) and (b)(3) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

USCIT R. 37(d). *Accord* Fed. R. Civ. P. 37(d).

Subdivision (b)(3) of Rule 37 prescribes that the Court may enter,

> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

USCIT R. 37(b)(3).

Defendant has not in any meaningful way rebutted, justified, or excused the pattern of delay that plaintiff has descried in its recitation of defendant's conduct. This conduct includes negotiating multiple extensions in bad faith and an utter disrespect for the Court rules. The Nemans' defense boils down to a plea of ignorance of Court rules and the ramifications of disregarding them. Defendants' supplication for clemency due to their lack of legal representation is disingenuous at best. As the Court noted in Slip Op. 93–37, CIT No. 92–03–00183, the Neman Brothers & Associates are not entitles to proceed *pro se,* yet they continue to fall back on their intermittent lack of representation as a grounds for leniency. As defendant's own counsel has attested to, defendants never intended to respect the role of the Court in adjudicating this matter. *See Letter of Fertman, March 18, 1991, Plaintiff's Motion For Sanctions* (Attachment 3). Seen in the best light, defendant has assumed the risk of its vicissitudes when it recklessly presented its counsel with the dilemma of frustrating the Court rules or withdrawing. More realistically, defendants' turbulent courtship with legal representation indicates a purposeful and skillful game of bluff and parry.

The sanctions authorized by Rule 37(d) may be sought without first moving to compel a response to propounded discovery. USCIT R. 37(d); *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.,* 757 F.2d 1256, 1259–1261 (Fed. Cir. 1985). Rule 37(d) is distinguished from Rule 37(b), which applies to incomplete responses to discovery and which requires disobedience of a court order before sanctions may be imposed. *Compare*

USCIT R. 37(d) *with* USCIT R. 37(b). *See Minnesota Mining,* 757 F.2d at 1261; *see generally,* Wright & Miller, *Federal Practice & Procedure,* Civil 2d § 2291, at 807 (& Supp. 1993, at 422). In that regard, however, Neman Brothers and Yoel Neman are in violation of the Court's May 23, 1991 order directing that they respond to the United States' outstanding discovery within 60 days of the Court's order.

The court, in *Minnesota Mining,* elaborated on the clear policies underlying Rule 37(d) to deter the serious disregard of discovery requests that would be undermined if the parties had only further orders directing compliance to fear. This position is well supported in the case law. *See Plaintiff's Motion For Sanctions at 9–11, citing e.g., Bowmar instrument Corp. v. Continental Microsystems, Inc.,* 497 F. Supp. 947, 959 (S.D.N.Y. 1980) (default entered for failure to produce documents and appear at deposition); *W.W. & W.B. Gardner, Inc. v. Park West Village, Inc.,* 568 P.2d 734, 738 (Utah 1977) (quoting Wright & Miller, *Federal Practice & Procedure,* Civil § 2291 and holding that a defendant may not ignore the rules with impunity that were designed to secure "the just, speedy and inexpensive determination of every action.").[5] In view of the events that have transpired and the policies buttressing the discovery rules, the Court does not feel compelled to follow defendant's suggestion that the Court merely issue yet another order directing compliance and further providing for default in the event of non-compliance. *See Order of May 23, 1991, Directing Discovery; Statement of Facts Plaintiffs Motion For Sanctions, 2–13.*

While plaintiff asserts defendants' failure to secure counsel, pursuant to R.75(b)(1), as a separate justification for entering default, the Court views this failure to abide by the spirit of the rule as merely another symptom of the more serious disregard for R.37(b) and 37(d). Accordingly, the Court finds that the remedies of striking defendants' answer and entering default against defendant are sound and just based solely on defendants' conduct with regard to discovery, pursuant to R. 37(b) and (d). The Court notes that defendants' behavior sets a precedent of misconduct, and that the miraculous explanation that the Court hoped was forthcoming did not issue. After considering the unrebutted facts surrounding defendant's misconduct, and all legal argumentation, the Court agrees that default is appropriate in this case. Moreover, the Court cannot conclude otherwise but that defendant's disregard of the discovery requests and this Court's previous orders was willful. Plaintiff shall file whatever declarations are necessary to support its claims for costs and the quantum amount of liability it seeks to assert within 45 days of the date that this opinion is entered.

---

[5] The Utah Supreme Court also held that Federal Rule 37(d) sanctions may be justified without reference to whether the unexcused failure to make discovery was willful. *Id.*